GRIFFIN, J.
Derrick Gordon [“Gordon”] appeals the summary denial of his motion for post- *960 conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In 1999, Gordon was tried and convicted of robbery with a firearm and burglary of a dwelling with an assault or battery. He received sentences of life and fifteen years’ imprisonment as a prison releasee reoffen-der, to be served concurrently. His convictions and sentences were affirmed on appeal. See Gordon v. State, 753 So.2d 100 (Fla. 5th DCA 2000). Gordon also filed a rule 3.850 motion which was denied and affirmed on appeal in Gordon v. State, 799 So.2d 1063 (Fla. 5th DCA 2001), and a rule 3.800(a) motion which was denied and affirmed on appeal in Gordon v. State, 852 So.2d 251 (Fla. 5th DCA 2003). In addition, Gordon filed a petition alleging ineffective assistance of appellate counsel, which was denied by order in our case no. 5D01-3788.
Now, in his second rule 3.850 motion, Gordon claims newly discovered evidence. He alleges that at the time of trial, he was using timonol timoptic, an eye drop for glaucoma, which a doctor has advised him may have adverse side effects after prolonged use, such as severe headaches, confusion, hallucinations and memory dysfunction. Gordon alleges that the side effects from the medication “caused him to make unintelligent decisions not rationale [sic] during his trial,” thereby depriving him of a fair trial.
Gordon also alleges as newly discovered evidence that at the trial of a co-defendant conducted after Gordon’s trial, a State witness, Desiree Miller [“Miller”], recanted her testimony and testified that she had not seen Gordon with the co-defendants before and after the robbery. He claims that Miller testified at his trial that she saw a person wearing the same color jacket as Gordon with co-defendants Biggers and Smith before and after the robbery and that Biggers and Smith were the masked robbers, along with Gordon, who was unarmed and unmasked. Gordon states that he did not learn about the “recantation” until May of 2002 when he spoke with Biggers in prison. The trial court found that Gordon’s allegations failed to support his claim that he could not have discovered these claims at the time his first 3.850 motion was filed and denied the motion.
To qualify as newly discovered evidence, the evidence must have been unknown by the court, the party or counsel at the time of trial and could not have been known by the exercise of due diligence. In addition, the evidence must also be of such a nature that it would probably produce an acquittal on retrial. See Lightbourne v. State, 841 So.2d 431 (Fla.2003); Robinson v. State, 770 Soi2d 1167 (Fla.2000).
As to the medication, even assuming he could not have discovered the side effects in time to raise the issue in his prior timely motion, he alleges only that the side effects made him make “unintelligent decisions.” He does not allege what those decisions were or how a retrial while he was not medicated would probably produce an acquittal.
As to Miller, Gordon does not specify what evidence was presented at trial or explain the context of her testimony and why her alleged recantation would probably result in an acquittal. In fact, the initial brief in the direct appeal establishes that Gordon was identified by the two victims. Miller’s testimony is not even mentioned.
The State’s answer brief in the direct appeal reveals that Miller, the victim’s sixteen-year-old neighbor, was called by the defense. She testified that she had knocked on the victims’ door while the robbery was in progress, and that Gordon had answered and told her to go away. *961 She said she saw Gordon in the house with two men with masks. After the robbery, she testified that Gordon exited before the masked men, but that she had seen all three men together before and after the robbery. She later clarified that she had only seen a man wearing a jacket like Gordon’s talking with the other two men. There is no reasonable likelihood that this difference in Miller’s testimony would have resulted in an acquittal on retrial.
AFFIRMED.
THOMPSON and ORFINGER, JJ., concur.